UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LEON ALFARO,<br><br>    Petitioner,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS, et al.,<br><br>    Respondents. | Case No. 3:18-cv-02959-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

## INTRODUCTION

Petitioner Jesus Leon Alfaro (Leon), a native and citizen of Mexico, has been detained in Immigration and Customs Enforcement (ICE) custody since May 24, 2017. On May 18, 2018, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order (TRO) claiming that his prolonged detention without a bond hearing before an immigration judge is unlawful. He requests an order releasing him from custody, or in the alternative, providing him a bond hearing at which the government bears the burden of justifying his continued detention.

As with numerous other courts in this circuit that have been presented with this issue, I conclude that Leon is entitled to a bond hearing, but not to immediate release from ICE custody. His petition is GRANTED IN PART and DENIED IN PART. His TRO motion is DENIED as moot. The hearing on this matter is VACATED. Civil L. R. 7-1(b).

## BACKGROUND

Leon is a native and citizen of Mexico who initially entered the United States in 1999. Pet. ¶ 12 (Dkt. No. 1). In 2006, after Leon was convicted in state court of controlled substance offenses for the second time, ICE initiated removal proceedings against him. Morris Decl. ¶¶ 4–6

(Dkt. No. 8). On February 9, 2006, Leon conceded removability, the immigration judge ordered him removed, and, the same day, ICE executed the removal order and deported Leon to Mexico. Morris Decl. ¶ 7. In March 2006, he was convicted of illegal entry under 8 U.S.C. § 1325. *Id.* ¶ 9. He was removed again in June 2006. *Id.* ¶ 10.

Back in Mexico, Leon witnessed a double homicide committed by the international drug cartel known as the Zetas. Pet. ¶ 7. Leon was beaten, kidnapped at gunpoint, and threatened with death if he told anyone what he had seen. *Id.* ¶¶ 7, 13. He fled Mexico for the United States, where he has continuously resided since 2006. *Id.* ¶ 13.

In April 2017, Leon was convicted in state court of stalking; ICE took custody of him in May and reinstated his prior order of removal pursuant to 8 U.S.C. § 1231(a)(5). Pet. ¶ 14; Morris Decl. ¶¶ 11–13. Leon expressed his fear of returning to Mexico, was provided with a "reasonable fear interview," and was afforded a hearing before an immigration judge. Pet. ¶ 14. On October 10, 2017, Immigration Judge Ila Deiss granted Leon Withholding of Removal and relief under the Convention Against Torture (CAT). Pet. ¶ 15; Morris Decl. ¶ 17. ICE appealed that decision to the Board of Immigration Appeals (BIA). Pet. ¶ 15; Morris Decl. ¶ 17.

On November 29, 2017, Leon filed a motion for a bond hearing before an immigration judge; the immigration judge denied the request, citing a lack of jurisdiction. Pet. ¶ 18; Morris Decl. ¶ 18. On March 6, 2018, Leon filed a second motion for a bond hearing before an immigration judge, which the judge denied, citing a lack of jurisdiction and the recent Supreme Court decision in *Jennings v. Rodriguez*, ___ U.S. ___, 138 S. Ct. 830 (2018). Pet. ¶ 18; Morris Decl. ¶ 18. On April 6, 2018, Leon appealed that decision to the BIA; that appeal remains pending.

On May 18, 2018, Leon filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order seeking his release from custody, or, alternatively, that he be provided a bond hearing at which the government must justify his continued detention.

**DISCUSSION**

In *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011)("*Diouf II*"), the Ninth Circuit held

2

that "an individual facing prolonged immigration detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community." *Id*. at 1082; *see also* 8 U.S.C. § 1231(a)(6)("An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may* be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).")(emphasis added). "As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months." *Diouf II*, 634 F.3d at 1092 n.13.

Leon has been detained under subsection (a)(6) for over a year. *See* Morris Decl. ¶ 18. Yet respondents argue that the petition should be denied for failure to exhaust administrative remedies and because *Diouf II* was undermined by *Jennings v. Rodriguez,* ___ U.S. ___, 138 S. Ct. 830 (2018), and should not apply to aliens in withholding-only proceedings. Consolidated Opp'n to TRO Mot. and Return to Habeas Pet. ("Opp'n")(Dkt. No. 7). Numerous cases reject these arguments. *See id.* at 5 (listing cases waiving exhaustion requirement); *id*. at 9 n.2 (listing cases finding that similarly-situated petitioners were entitled to bond hearings under *Diouf II*).

I agree with the well-reasoned decisions of other courts in this district. As a threshold issue, "exhaustion of available judicial and administrative remedies before seeking relief under Section 2241 is a prudential matter, not a statutory requirement, and is subject to waiver because it is not a 'jurisdictional' prerequisite." *Trinidad v. Sessions*, No. 3:17-CV-06877-JD, 2018 WL 2010618, at *1 (N.D. Cal. Apr. 30, 2018)(quoting *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). Exhaustion may be waived when irreparable injury would result. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). The potential for irreparable harm to Leon stemming from his detention without a hearing "warrant[s] waiver of the prudential exhaustion requirement." *Trinidad*, 2018 WL 2010618, at *1; *see also Cortez v. Sessions*, No. 18-CV-01014-DMR, 2018 WL 1510187, at *3 (N.D. Cal. Mar. 27, 2018)("[T]he court concludes that administrative exhaustion is not required."); *Ramos v. Sessions*, No. 18-CV-00413-JST, 2018 WL 905922, at *3

3

(N.D. Cal. Feb. 15, 2018)(same); *Villalta v. Sessions*, No. 17-CV-05390-LHK, 2017 WL 4355182, at *3–4 (N.D. Cal. Oct. 2, 2017)(same).

Moving on to the merits of the petition, both of respondents' arguments have been consistently rejected. Courts in this circuit have found that *Diouf II* remains binding authority even after *Jennings*. *E.g.*, *Hurtado-Romero v. Sessions*, No. 18-CV-01685-EMC, 2018 WL 2234500, at *2 (N.D. Cal. May 16, 2018)("*Jennings* and *Diouf* are not 'clearly irreconcilable'…"); *Mercado-Guillen v. Nielsen*, No. 18-CV-00727-HSG, 2018 WL 1876916, at *3 (N.D. Cal. Apr. 19, 2018)("But *Diouf II* remains good law."); *Cortez v. Sessions*, No. 18-CV-01014-DMR, 2018 WL 1510187, at *8 (N.D. Cal. Mar. 27, 2018) ("*Diouf II* remains good law which this court is bound to follow."); *Ramos v. Sessions*, No. 3:18-cv-0413-JST, 293 F. Supp. 3d 1021, 1026 (N.D. Cal. 2018)("*Jennings* reversed the Ninth Circuit's holding in *Rodriguez* that immigrants detained under sections 1225(b)(1), 1225(b)(2), and 1226(c) were entitled to a bond hearing every six months, but left untouched the Ninth Circuit's requirement [under *Diouf II*] of such hearings for immigrants detained under section 1231(a)(6).").

And many of these decisions have determined that *Diouf II* applies to individuals in withholding-only proceedings who are not seeking review of their underlying removal orders. *Mercado-Guillen*, 2018 WL 1876916, at *2 ("*Diouf II* applies to all non-citizens who are detained under section 1231(a)(6)."); *Cortez*, 2018 WL 1510187, at *8 ("The Ninth Circuit in *Diouf II* extended the right to a bond hearing to *all* non-citizens detained more than six months under section 1231(a)(6)"); *Ramos*, 293 F. Supp. 3d at 1027 (rejecting the government's argument to the contrary); *see also Trinidad*, 2018 WL 2010618, at *2 ("*Diouf* does not carve out any class of Section 1231(a)(6) detainees from the right to a hearing; to the contrary, it expressly recognizes that Section 1231(a)(6) covers aliens such as Trinidad, who 'have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States.'")(quoting *Diouf*, 634 F.3d at 1085). This conclusion flows naturally from *Diouf II*'s broad holding—"an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the

community." 634 F.3d at 1092; *see also Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2017)("We previously have held that 'individuals detained under § 1231(a)(6) are entitled to the same procedural safeguards against prolonged detention as individuals detained under § 1226(a).'")(quoting *Diouf II*, 634 F.3d at 1084).

I am bound to follow *Diouf II*. Leon is entitled to a bond hearing.

## CONCLUSION

Leon's petition for writ of habeas corpus is GRANTED IN PART and DENIED IN PART. Within 15 days of this order, Leon must be provided with a hearing before an immigration judge with the power to release him on bond unless the government establishes that he is "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

**IT IS SO ORDERED.**

Dated: June 4, 2018

William H. Orrick
United States District Judge